UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLES COLLINS,             MEMORANDUM DECISION
                                                                          AND ORDER
                         Petitioner,                05 CV 3120 (GBD)

         -against-

ISRAEL RIVERA,
Superintendent of Coxsackie Correctional Facility,

                         Respondent.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

*Pro se* petitioner filed an amended writ of habeas corpus challenging his April 20, 1995 conviction, upon a guilty plea, in the Supreme Court, New York County, for murder in the second degree. Respondent moves to dismiss the amended petition as untimely. The motion is granted.

Petitioner was charged with two counts of murder in the second degree, two counts of robbery in the first degree and three counts of robbery in the second degree. The charges arose from two separate crimes that occurred within a two week period in February of 1994, committed by petitioner and a codefendant. First, petitioner was charged with the robbery and murder of an 85-year old victim who was strangled inside his apartment with a telephone cord. In the second incident, the other victim, an 81-year old man, was robbed, in his apartment, after suffering a violent physical assault. Petitioner pled guilty to one count of murder in the second degree (felony murder for the first offense) and one count of robbery in the first degree (for the second crime) in full satisfaction of all the charges in the indictment.

Petitioner seeks habeas relief, on his murder conviction, on the grounds of ineffective assistance of appellate counsel. Petitioner claims appellate counsel's representation was

deficient because he failed to argue, on appeal, that petitioner was denied effective assistance of trial counsel in entering the guilty plea.

The *Pro Se* Office received petitioner's initial petition on February 8, 2005, nearly ten years after the judgment of conviction was rendered. In an Order dated March 23, 2005 ("Order"), Chief Judge Michael B. Mukasey indicated that the petition may be time-barred under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), amending 28 U.S.C. § 2244, which provides a one year limitation period for the filing of a writ of habeas corpus. Generally, the AEDPA limitation period begins to run from the time when the judgment of conviction became final. 28 U.S.C. § 2244 (d)(1)(A). A conviction becomes final upon the completion of direct appellate review in state court and by the United States Supreme Court when either certiorari proceedings are completed or when the time for seeking further direct review expires. McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001); see also, Sup. Ct. R. 13(1). The running of the limitation period, however, is tolled "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ." 28 U.S.C. § 2244 (d)(2).

Judge Mukasey found that "[p]etitioner's judgment of conviction became final, within the meaning of the AEDPA, on July 26, 1999, when, after petitioner was denied leave to appeal in the New York Court of Appeals, the 90-day period for seeking a writ of certiorari from the United States Supreme Court expired." Order at 2-3 (citations omitted). Judge Mukasey observed that "this Court's *Pro Se* Office received the instant petition on February 8, 2005, **years** after the one-year limitation period in which petitioner could have submitted a § 2254 petition expired." Id. at 3 (emphasis added). Judge Mukasey therefore indicated that "petitioner must

submit an amended petition in which he alleges facts demonstrating why the instant action should not be dismissed as time-barred." Id. (citation omitted).

Petitioner filed an amended complaint. Petitioner claims his application is timely because he is challenging his conviction on the grounds he was denied effective assistance of appellate counsel. He maintains that such a claim could not be raised on direct appeal. Over four and a half years after petitioner's conviction became final, on March 1, 2004, he raised this claim by filing a writ of error *coram nobis* with the Appellate Division, First Department. Petitioner claims that as "a layman at law, [he] was not aware of the constitutional violations that occurred, until a law clerk at the Coxsackie Correctional Facility reviewed the documents and informed him as to the omission of appellate counsel to adequately challenge the plea colloquy." (Am. Pet. at 11). In an order entered on July 15, 2004, the New York State Appellate Division denied petitioner's application for a writ of error *coram nobis*. Leave to appeal that denial to the New York State Court of Appeals was denied on September 24, 2004.

The filing of a writ of error *coram nobis* did not establish a new one year limitation period in which petitioner could file a federal writ of habeas corpus. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("hold[ing] that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). "If the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court." Id. Once the limitation period has expired, the statutory tolling provision cannot be invoked to renew and extend the limitation period. See eg., Breeden v. Phillips, 2005 WL

3

1971016, at *2 (E.D.N.Y. Aug. 15, 2005) ("[N]one of petitioner's [ ] post-convictions motions tolled the statute of limitations because they were all filed after the limitation period had expired."); Isaac v. Smith, 2005 WL 1947811, at *3 (S.D.N.Y. Aug. 12, 2005) ("The post-conviction motion [ ] filed . . . in state court . . . was submitted after [petitioner's] one year statute of limitations period expired, and therefore cannot be used to toll his statute of limitations." ).  Petitioner filed his writ of error *coram nobis* over four and a half years after the limitation period had expired, and hence the statutory tolling provision is inapplicable.

Furthermore, there is no equitable reason to excuse his untimely filing.  Petitioner has the burden of establishing that equitable tolling is warranted.  See, Marengo v. Conway, 342 F.Supp.2d 222, 223 (S.D.N.Y. 2004).   Equitable tolling only applies "in 'rare and exceptional circumstances,' where . . . 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'"  Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (*quoting* Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004)); see also, Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (*quoting* Smith, 208 F.3d at 17) ("To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time.").

Petitioner has failed to demonstrate reasonable diligence, in waiting over four years, to raise his claim of ineffective assistance of appellate counsel.  Nor has petitioner proffered any extraordinary circumstances that prevented him from timely filing his application.

It should also be noted that petitioner does not demonstrate that justice would otherwise

4

warrant a review and granting of his untimely habeas petition. There is absolutely no merit to petitioner's claim that his appellate counsel's representation was deficient because he did not argue, on appeal, that petitioner was denied effective assistance of trial counsel in entering the guilty plea. Such an argument was specifically raised by appellate counsel. Appellate counsel attacked on direct appeal the lower court's suppression ruling. He specifically argued ineffective assistance of counsel at the suppression hearing, in entering the guilty plea, and after conviction for not making a motion to withdraw the plea. In addition, appellate counsel argued that the allocution did not provide a sufficient factual basis for the plea, and that the plea was not knowing and voluntary. In fact, the vast majority of the substantive argument, contained in petitioner's amended petition and his supporting memorandum of law, is lifted almost verbatim from his attorney's appellate brief.

The record also fails to suggest petitioner was wrongly convicted on the murder charge. Nor has petitioner advance any credible claims of actual innocence. Petitioner contends that "had [trial] counsel adequately investigated and research the case," it would have been clear that petitioner had a viable defense to the murder charge, *i.e.*, "he did not know in advance that his codefendant had planned to commit the murder . . ." (Am. Pet. at 7-8). Petitioner similarly contends that the plea allocution was insufficient to establish his guilt of murder in the second degree because "[a]ll that the allocution establishes is that the petitioner was present when [the codefendant] committed the murder . . ." (Id. at 9).

Petitioner's factual recitation, during the plea allocution, reveals the following: Petitioner had agreed with his codefendant in advance to rob the victim. Petitioner physically restrained the victim and dragged him further inside the apartment. In order to force the victim

to cooperate and disclose the location of his money, petitioner struck him in the face. The victim was crying and bleeding. After being hit by petitioner, the victim started screaming. Petitioner observed the codefendant wrap something around the victim's mouth rendering unable to scream. After searching the apartment further, petitioner returned to find the codefendant strangling the victim with a telephone cord. Petitioner watched the victim struggle as the codefendant continued to pull the telephone cord until the victim stopped breathing and fell to the ground. Petitioner then picked up the victim's wallet. The codefendant took the money from the wallet and the two left the apartment.

Petitioner's admissions made out all the requisite elements of murder in the second degree. Petitioner pled guilty to felony murder which requires the prosecution to prove that he "'intentionally participated in the underlying felony, during the course of which one of the participants caused the death of a nonparticipant.'" People v. Solomon, 794 N.Y.S.2d 55, 56 (N.Y. App. Div. 2005) (*quoting* People v. Hogan, 781 N.Y.S.2d 915, 915-16 (N.Y. App. Div. 2004)). Under New York law, the non-slayer defense to felony murder requires the accused to establish, *inter alia*, that he "[h]ad no reasonable grounds to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury." N.Y. Penal Law § 125.25(3)(d). Petitioner's admissions, during the plea allocution, precludes a finding that there was no reasonable grounds for him to believe that his codefendant's intended conduct would not likely seriously injure or cause death. See eg., People v. Jenkins, 539 N.Y.S.2d 100 (N.Y. App. Div. 1989) (While burglarizing an elderly man's apartment, codefendant placed belt around victim's neck and strangled him to death. Evidence that defendant held the victim down while the victim was being tied up and held a pillow over his face in order to muffle his cries

6

sufficient to disprove affirmative defense.); People v. Bell, 517 N.Y.S.2d 219 (N.Y. App. Div. 1987) (Affirmative defense not established where, after protesting codefendant's intent to kill victim, defendant continued to search apartment, looked into the room during the commission of the murder, and was observed smiling and "clowning around" with codefendants when leaving.); see also, People v. Jeanty, 702 N.Y.S.2d 194, 198 (N.Y. App. Div. 2000) (Since criminal plan contemplated and effected a violent and surprise attack on people inside their home, defendant failed to establish that he had no reasonable grounds to believe other participants intended conduct would likely result in serious physical injury or death.).

Since neither statutory nor equitable tolling is applicable to the case at bar, petitioner's amended petition is time-barred. The writ is hereby denied and the amended petition is dismissed.

As the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealabilty will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
February 27, 2006

SO ORDERED:

GEORGE B. DANIELS
United States District Judge